## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA MEISSE,** | **CASE NO.** |
| *Plaintiff,* | |
| **v.** | **COMPLAINT** |
| **TEMPLE UNIVERSITY BOARD OF TRUSTEES, in their official capacity, KRYSTAL N. ALLEN, AMANDA J. FISH, STEPHANIE IVES-BARTOW, and DOES 1 – 10, in their individual capacities,** | **(1) VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)** **(2) VIOLATION OF FIRST AMENDMENT RIGHTS (42 U.S.C. § 1983)** **(3) MONELL LIABILITY** |
| *Defendants.* | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff REBECCA MEISSE ("Plaintiff"), appearing *Pro Se*, with her Complaint and Demand for Jury Trial against Defendants, Temple University Board of Trustees, Krystal N. Allen, Amanda J. Fish and Stephanie Ives-Bartow (collectively "Defendants"), hereby states the following:

## I.    INTRODUCTION

This is a 42 U.S. Code §1983 federal civil rights case under the First, Fifth, and Fourteenth Amendments of the United States Constitution as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' individual and collective personal violations under color of state of

COMPLAINT                              - 1 -

Plaintiff's individual constitutional rights to free speech and due process under the law.

## II.   PARTIES

1.   Plaintiff Rebecca Meisse ("Plaintiff") was an undergraduate student at Temple University ("Temple"), who was wrongfully accused of violating the Defendant's policies.

2.   Defendant Temple University Board of Trustees ("Board") is the governing body of Temple University.   Temple is a state and federally funded educational institution located in Philadelphia, Pennsylvania.

3.   Defendant Krystal N. Allen ("Allen" or "Defendant") is now and at all relevant times to this action has been the Associate Director of Student Conduct at Temple.

4.   Defendant Stephanie Ives-Bartow ("Ives-Bartow" or "Defendant") is now and at all relevant times to this action has been the Associate Vice President for Student Affairs and Dean of Students at Temple.

5.   Defendant Amanda J. Fish ("Fish" or "Defendant") is now and at all relevant times to this action has been a Program Coordinator at Temple.

6.   Defendants Does 1-10 ("Doe Defendants") are individuals who were employed at Temple during the time period relevant to this action. The names and job titles of the Defendants are currently unknown.

COMPLAINT                              - 2 -

### III.   JURISDICTION AND VENUE

7.   This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

8.   This action arises under 42 U.S.C. §1983 for violations of civil rights under the First and Fourteenth Amendments of the United States Constitution.

9.   This Court properly exercises personal jurisdiction over the Board who are agents of Temple which is domiciled in the State of Pennsylvania.

10.   This Court properly exercises personal jurisdiction over the individual Defendants because they are domiciled within the State of Pennsylvania.   The individual Defendants were employees of Temple at all relevant times herein and personally violated certain laws, rights, and policies the effects of which were felt in the State of Pennsylvania.

11.   This action is properly within this judicial district pursuant to 28 U.S.C. §1391(b) because Defendants or its employees', agents' and officers' primary employment is in this district and division, and Defendants' independent and collective and unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein transpired within this district and division.

### IV.   FACTUAL ALLEGATIONS

COMPLAINT                          - 3 -

12.    On September 12, 2020, Philadelphia police responded to a call regarding loud music originating from an apartment located at 1822 North 16th Street in Philadelphia, Pennsylvania.

13.    Plaintiff and her roommates were having a social gathering with approximately twenty friends in the backyard of their off-campus apartment.

14.    Upon the arrival of the police at her apartment, Plaintiff complied with the police officers and immediately vacated everyone from the premises.

15.    A police officer took Plaintiff's personal information, including her Temple University Student ID card along with her Pennsylvania driver's license.

16.    Cassie Groncki, Plaintiff's roommate, was in the kitchen for the entire duration of the incident studying for an exam.

17.    According to Groncki, the music from the gathering in the backyard was not loud enough to disturb her studying.

18.    That same night, three other social gatherings were taking place, including the house directly behind hers.

19.    All of the gatherings were playing different music simultaneously.

20.    Police did not issue Plaintiff a ticket or citation for violation of any city ordinance.

21.    On September 21, 2020, Allen informed Plaintiff by email that the Plaintiff she was being accused of violating Temple's Student Conduct Code.

COMPLAINT                              - 4 -

22.     Defendants accused Plaintiff of violating Temple University's "Good Neighbor" policy and "Other" published policies of Temple University.

23.     On September 25, 2020, Ives-Bartow disseminated the following email to all Temple University Students:

> Please know that Temple's COVID-19 protocols do not interfere with any student's First Amendment right to assemble. **To be clear, students are allowed to gather for First Amendment activities in ways that are consistent with citywide safety protocols and will not face discipline from Temple for such participation.** As an example, students who want to volunteer for the upcoming elections, participate in protests, or attend gatherings that comply with city rules, will not be subject to university discipline. (emphasis added).

24.     On October 7, 2020, Plaintiff sent the following email to Fish regarding the charges alleged by the Board against her:

> Amanda,
>
> Before I decide on the next steps, I am still confused about how I allegedly violated the Temple policy in light of the Dean's statement on First Amendment issues. Are you

COMPLAINT                              - 5 -

saying that despite the First Amendment statement from the Dean, having a gathering in compliance with the City polices still violates the Temple policy in the e-mail? Or is there some other policy I am accused of violating? As to the Good Neighbor policy, is Temple saying that the mere fact that someone complained about the noise means that we violated the ordinance?

25.     On October 14, 2020, Fish sent the following reply to the Plaintiff: Thank you for your patience as we work through this together. I appreciate your mention of Dean Ives' Statement and your thoughtful questions. For some clarification, the statement made by Dean Ives is intended to focus on protests and civic engagement related to current events in our country. The statement is not talking about parties or social gatherings. Additionally, it is not only the noise complaint that has brought about the Good Neighbor charge but also the fact that the police responded to the complaint, stated that they also witnessed loud music, and felt the need to submit that to our office.

26.     On November 13, 2020, a zoom hearing was conducted, before Administrative Officer Christina Peterson. Attorneys Joe Lento and Keith Altman were present in an advisory capacity.

27.     Plaintiff's attorneys were prohibited from speaking on behalf of their client and only allowed to listen during the November 13, 2020 hearing.

28.     On November 18, 2020, Plaintiff was provided with the Hearing Officer's determination ("H.O. Ruling") via email which found her responsible for the charges. In the H.O. Ruling, no basis or explanation for the decision was provided.

## V.     CAUSES OF ACTION

### COUNT ONE – VIOLATION OF DUE PROCESS
### (42 U.S.C. § 1983)

29.     Plaintiff incorporates by reference all the preceding paragraphs in this Complaint as if fully set forth herein.

30.     As a state-funded entity, the Board had an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and contractors, such as the Defendants.

31.     The H.O. Ruling found Plaintiff guilty of violating: (1) the Temple "Good Neighbor Policy"; and (2) "other published policies" of Temple University.

COMPLAINT                         - 7 -

32.    The Temple "Good Neighbor Policy" provides that Temple students must comply with the City of Philadelphia's Noise Ordinance.

33.    Plaintiff was not issued a citation or ticket by the police who were at the scene of the alleged incident on September 12, 2020.

34.    Plaintiff did not violate the City of Philadelphia's Noise Ordinance and, therefore, did not violate Temple's "Good Neighbor Policy" as the definition of a violation of the "Good Neighbor Policy" is a violation of the City of Philadelphia's Noise Ordinance.

35.    Without a violation of the City of Philadelphia, a violation of Temple cannot exist per Temple's own policies, rules and regulations.

36.    The City of Philadelphia did not find that Plaintiff violated any city or municipal ordinance.

37.    The Philadelphia Noise Ordinance (Phila. Code. 10-403(2))[1] states in relevant part:

> (2) Sound From Residential Properties. No person shall create or cause, or permit the creation of, sound originating from a residential property audible at a distance greater than one hundred feet from the property boundary or that

---

[1] The need to state the City of Philadelphia's noise ordinance is not warranted since the Plaintiff was not found guilty of violating any city ordinance. However, for factual reference it is stated herein.

COMPLAINT                          - 8 -

exceeds 3 decibels above background level measured beyond the property boundary except for the following: [exceptions are irrelevant to this action].

38.     Plaintiff was wrongfully charged by the Defendants of violating the Temple "Good Neighbor Policy".

39.     H.O. Ruling second violation assessed against Plaintiff of "other published policies" of Temple University was addressed in Ives-Bartow's September 25, 2020, email. The email stated that the only restriction placed on the ability of Temple University students to gather off-campus was that such gatherings had to comply with Philadelphia municipal ordinances.

40.     Prior to the H.O. Ruling, Plaintiff did not receive any indication from the Defendants that her September 12, 2020, gathering violated any Philadelphia municipal ordinance.

41.     Defendants charging Plaintiff with a university offense for hosting a gathering that did not violate a Philadelphia municipal ordinance violates both Temple's policies, procedures and regulations and Plaintiff's First Amendment right to freely associate.

42.     Defendants violated Plaintiff's right to due process under the Fourteenth Amendment.

43.    Defendants did not provide any reasoning or basis in the determination or otherwise for finding the Plaintiff guilty of violating the Temple "Good Neighbor Policy" and "other published policies" of Temple University.

44.    Defendants were required to enter a determination/ruling on the preponderance of the evidence.

45.    Defendants deprived Plaintiff of her constitutionally protected interest in her education at Temple.

46.    As a result of the Defendants' actions, Plaintiff has been damaged by being forced to expend significant time and resources appealing the alleged violation.

47.    Defendants' misconduct charges on Plaintiff's record will adversely affect her ability to attend graduate school and find employment.

48.    Defendants' actions have resulted in significant mental and emotional distress which has affected Plaintiff's ability to complete her educational requirements.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages, restitution of property;

(b)    Enter judgement against Defendants requiring removal of probationary period and letter of reprimand from Plaintiff's student file;

**COMPLAINT**                                    - 10 -

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(e)     Grant such other and further relief as justice requires.

## COUNT TWO – VIOLATION OF FIRST AMENDMENT RIGHTS
### (42 U.S.C. § 1983)

49.     Plaintiff incorporates by reference all the preceding paragraphs in this Complaint as if fully set forth herein.

50.     As a state and federally funded entity, Defendants had an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and contractors.

51.     Ives-Bartow's September 25, 2020, email states the Temple "Good Neighbor Policy".

52.     The Temple "Good Neighbor Policy" states: "students are allowed to gather for First Amendment activities in ways that are consistent with citywide safety protocols and will not face discipline from Temple for such participation."

53.     The Temple "Good Neighbor Policy" states that Temple students would <u>not</u> be punished for participating in gatherings that do not violate Philadelphia's municipal ordinances.

**COMPLAINT**                    - 11 -

54.     As a proximate result of Defendants' actions, Plaintiff suffered an arbitrary deprivation of her First Amendment rights.

55.     As a result of the Defendants' actions, Plaintiff has been damaged by being forced to expend significant time and resources appealing the alleged violation.

56.     Defendants' misconduct charges on Plaintiff's record will adversely affect her ability to attend graduate school and find employment.

57.     Defendants' actions have resulted in significant mental and emotional distress which has affected her ability to complete her schoolwork.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages, restitution of property;

(b)     Enter judgement against Defendants requiring removal of probationary period and letter of reprimand from Plaintiff's student file;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT THREE – MONELL LIABILITY AGAINST TEMPLE UNIVERSITY BOARD OF REGENTS

52.    Plaintiff incorporates by reference all the preceding paragraphs in this Complaint as if fully set forth herein.

53.    A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs.  Due to its status as an instrumentality of the Pennsylvania state government, Temple is considered a municipality.

54.    Fish's October 14, 2020, email to Plaintiff explicated an unconstitutional policy on the part of Temple.  This email stated: "the statement made by Dean Ives is intended to focus on protests and civic engagement related to current events in our country. The statement is not talking about parties or social gatherings."

55.    This statement clearly describes gathering purposes that are deemed permissible by Temple and gathering purposes that are deemed impermissible by Temple as matter of policy.  The clear implication of this statement is that a student would face potential punishment if they gathered for an impermissible purpose.

56.    Because Fish appears to be stating that the gathering's purpose and content determines whether there is a violation, Defendants have elucidated a policy on behalf of Temple that violates the First Amendment rights of Temple's students including Plaintiff.

57.    As a proximate result of the unconstitutional policy elucidated by Defendants, Plaintiff has suffered mental and emotional harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages, restitution of property;

(b)    Enter judgement against Defendants requiring removal of probationary period and letter of reprimand from Plaintiff's student file;

(b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: July 11, 2022                 Respectfully Submitted,

Rebecca Meisse, *pro se Plaintiff*
1421 E Columbia Avenue Apt 202
Philadelphia PA 19124
570-269-3587

**COMPLAINT**                 - 14 -

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Rebecca Meisse | Temple University Board of Trustees, Krystal N. Allen, Amanda J. Fish, Stephanie Ives-Bartow, and DOES 1-10 |

| (b)   County of Residence of First Listed Plaintiff   Philadelphia County, PA | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Rebecca Meisse, Pro Se, 1421 E. Columbia Ave., Apt. 202, Philadelphia, PA 19124, 570-269-3587 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.§ 1983

Brief description of cause:
Violation of Due Process and of First Amendment Rights

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   [x] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Jul 26, 2022 | s/ Rebecca Meisse (pro se) |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____