IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA MEISSE, <br><br> Plaintiff <br><br> v. <br><br> TEMPLE UNIVERSITY BOARD OF TRUSTEES, ET AL. <br><br> Defendants | CIVIL ACTION <br><br> NO. 22-02993-NIQA |

**ANSWER OF DEFENDANTS TEMPLE UNIVERSITY, KRYSTAL N. ALLEN, AMANDA J. FISH, AND STEPHANIE IVES-BARTOW**

Temple University, whose proper corporate name is Temple University–Of The Commonwealth System of Higher Education ("Temple"), Krystal N. Allen, Amanda J. Fish, and Stephanie Ives-Bartow (collectively, the "Temple Defendants"), by and through their attorneys, for their answer and affirmative defenses to the complaint:

## I.   INTRODUCTION

Deny each and every averment contained in the introduction paragraph of the complaint, specifically deny all allegations of wrongdoing or illegal conduct and deny the need to respond to the averments to the extent they contain conclusions of law.

## II.   PARTIES

1. Deny each and every averment contained in paragraph 1, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, except admit Plaintiff Rebecca Meisse was an undergraduate student at Temple University at the time of the alleged incident, on September 12, 2020.

2. Deny each and every averment contained in paragraph 2, except state that the proper corporate name for "Defendant Temple University" is Temple University-Of The Commonwealth System of Higher Education and that Temple is a not-for-profit corporation, whose University Counsel's Office (and address for service of process) is located at 1509 Cecil B. Moore Ave., Fourth Floor, Philadelphia, PA 19121.

3. Deny each and every averment contained in paragraph 3, except admit that Defendant Krystal Allen was the Associate Director for the Office of Student Conduct and Community Standards from July 2018 to September 2021, when she left Temple.

4. Admit the averments in paragraph 4.

5. Deny each and every averment contained in paragraph 5, except admit that Defendant Amanda Fish was an Investigator/Program Coordinator for the Office of Student Conduct and Community Standards from September 2020 to December 2021, when she left Temple.

6. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 and, therefore, deny the averments.

### III.   JURISDICTION AND VENUE

7. Deny each and every averment contained in paragraph 7 and deny the need to respond to the averments to the extent they contain conclusions of law.

8. Deny each and every averment contained in paragraph 8 and deny the need to respond to the averments to the extent they contain conclusions of law.

9. Deny each and every averment contained in paragraph 9 and deny the need to respond to the averments to the extent they contain conclusions of law.

10. Deny each and every averment contained in paragraph 10, deny that Defendants Fish and Allen live in Pennsylvania and deny the need to respond to the averments to the extent they contain conclusions of law, except admit Defendants Fish, Allen and Ives-Bartow were employees of Temple when Temple disciplined Plaintiff and that Defendant Ives-Bartow lives in Pennsylvania.

11. Deny each and every averment contained in paragraph 11, specifically deny the averment that Defendants Fish and Allen live in Pennsylvania, and deny the need to respond to the averments to the extent they contain conclusions of law, to which no response is required, except admit Defendants Fish, Allen and Ives-Bartow were employees of Temple when Temple disciplined Plaintiff.

### IV. FACTUAL ALLEGATIONS

12. Deny each and every averment contained in paragraph 12, except admit the Temple University Police Department ("Temple Police") responded to a call regarding loud music originating from an apartment located at 1828 N. 16th Street, in Philadelphia, PA.

13. Deny each and every averment contained in paragraph 13, except admit Plaintiff and her roommates were having a loud party of between 20-25 people and that the responding Temple Police heard the loud music from the street.

14. Admit the averments in paragraph 14.

15. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 and, therefore, deny the averments.

16. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 and, therefore, deny the averments.

17. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 and, therefore, deny the averment that roommate Groncki claimed that her studying was not disturbed by the music from the party, except admit that a third party made a complaint to the Temple Police about a loud party and the Temple Police could hear loud music from the street.

18. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 and, therefore, deny the averments.

19. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 and, therefore, deny the averments.

20. Admit the averments in paragraph 20.

21. Deny each and every averment contained in paragraph 21, except admit Temple sent Plaintiff a Charge letter dated September 21, 2020, which is a writing and speaks for itself.

22. Deny each and every averment contained in paragraph 22, except admit that Temple charged Plaintiff with violating its "Good Neighbor" policy and "Other" published policies of Temple.

23. Deny each and every averment contained in paragraph 23, specifically deny that the averments in this paragraph accurately characterize the entire September 25, 2020 email, which is a writing and speaks for itself.

24. Admit the averments in paragraph 24.

25. Deny each and every averment contained in paragraph 25, specifically deny that the averments in this paragraph accurately characterize the entire October 14, 2020 email, which is a writing and speaks for itself.

26. Deny each and every averment contained in paragraph 26, except admit Temple's Office of Student Conduct and Community Standards held an Administrative Hearing on November 13, 2020 by Zoom, over which Christina Peterson, Temple's Associate Director of the Office of Student Conduct and Community Standards, presided as the Hearing Officer and that Plaintiff and Plaintiff's Personal Advisors, Joe Lento and Keith Altman, attended.

27. Deny each and every averment contained in paragraph 27, specifically deny all allegations of wrongdoing or illegal conduct, except admit the Temple University Policies and Procedures Manual, Student Conduct Code ("Code of Conduct") sets forth the policies and procedures for the appearance of a "Personal Advisor," which is a writing that speaks for itself, and the Code of Conduct states "Personal Advisors are not permitted to directly address the Student Conduct Board during Student Conduct Board hearings".

28. Deny each and every averment contained in paragraph 28 except admit the Assistant Dean of Students, Megan Patrick, sent Plaintiff the Hearing Officer's Ruling dated November 18, 2020 ("November 18, 2020 Ruling"), which is a writing and speaks for itself and any attempt by Plaintiff to characterize that document is specifically denied.

## V.   CAUSES OF ACTION
### COUNT ONE – VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)

29. Incorporate their responses to paragraphs 1-28 as if fully set forth here.

30. Deny each and every averment contained in paragraph 30 and deny the need to respond to the averments to the extent they contain conclusions of law.

31. Deny each and every averment contained in paragraph 31, except admit Temple sent Plaintiff the November 18, 2020 Ruling, which is a writing and speaks for itself.

32. Deny each and every averment contained in paragraph 32, specifically deny all allegations of wrongdoing or illegal conduct on the part of the Temple Defendants except admit Plaintiff violated the Good Neighbor Policy, which is a writing and speaks for itself.

33. Deny each and every averment contained in paragraph 33, specifically deny all allegations of wrongdoing or illegal conduct, except admit the Temple Police did not issue a written ticket directly to Plaintiff and that the Temple Police responded to a noise complaint and wrote an Incident Report which it submitted to the Temple Office of Student Conduct and Community Standards.

34. Deny each and every averment contained in paragraph 34, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law or characterize writings, which speak for themselves.

35. Deny each and every averment contained in paragraph 35, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law or characterize writings, which speak for themselves.

36. Defendants deny each and every averment contained in paragraph 36, specifically deny all allegations of wrongdoing or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law, except admit the Temple Police responded to a noise complaint at Plaintiff's apartment and wrote an Incident Report, which it submitted to the Office of Student Conduct.

37. Deny each and every averment contained in paragraph 37, except admit Plaintiff accurately quotes a portion of the Philadelphia Noise and Excessive Vibration Ordinance, 10-403(2), which is a writing and speaks for itself.

38. Deny each and every averment contained in paragraph 38, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

39. Deny each and every averment contained in paragraph 39, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, except admit Plaintiff violated both Temple's Good Neighbor Policy and Other Published Policies of Temple, which are writings and speak for themselves.

40. Deny each and every averment contained in paragraph 40.

41. Deny each and every averment contained in paragraph 41 and deny the need to respond to the averments to the extent they contain conclusions of law.

42. Deny each and every averment contained in paragraph 42, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

43. Deny each and every averment contained in paragraph 43 and deny the need to respond to Plaintiff's characterization of writings, which speak for themselves.

44. Deny each and every averment contained in paragraph 44, specifically deny all allegations of wrongdoing or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

45. Deny each and every averment contained in paragraph 45, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

46. Deny each and every averment contained in paragraph 46, specifically deny the averments that Defendants' actions damaged Plaintiff or forced Plaintiff to expend significant time and resources, and deny the need to respond to the averments to the extent they contain conclusions of law.

47. Deny each and every averment contained in paragraph 47, and deny the need to respond to the averments to the extent they contain conclusions of law.

48. Deny each and every averment contained in paragraph 48, and specifically deny their actions have caused any kind of distress to Plaintiff, interfered with Plaintiff's "ability to complete her educational requirements" and deny the need to respond to the averments to the extent they contain conclusions of law.

WHEREFORE, the Temple Defendants respectfully request judgment in their favor and against Plaintiff, together with costs, attorneys' fees, interest and such other relief that the Court deems just and proper.

## COUNT TWO
### VIOLATION OF FIRST AMENDMENT RIGHTS (42 U.S.C. § 1983)

49. Incorporate their responses to paragraphs 1-48 as if fully set forth here.

50. Deny each and every averment contained in paragraph 50, specifically deny all allegations of wrongdoing or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

51. Deny each and every averment contained in paragraph 51, except admit that Temple sent an email on September 25, 2020, which is a writing and speaks for itself.

52. Deny each and every averment contained in paragraph 52, except admit Temple has a Good Neighbor Policy, which is a writing and speaks for itself.

53. Deny each and every averment contained in paragraph 53, except admit Temple has a Good Neighbor Policy, which is a writing and speaks for itself.

54. Deny each and every averment contained in paragraph 54, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

55. Deny each and every averment contained in paragraph 55, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, or that the Temple Defendants' actions damaged Plaintiff or forced Plaintiff to expend significant time and resources, and deny the need to respond to the averments to the extent they contain conclusions of law.

56. Deny each and every averment contained in paragraph 56, and deny the need to respond to the averments to the extent they contain conclusions of law.

57. Deny each and every averment contained in paragraph 57, specifically deny their actions have caused any kind of distress to Plaintiff, or that any action by any Defendant interfered with Plaintiff's "ability to complete her schoolwork," and deny the need to respond to the averments to the extent they contain conclusions of law.

WHEREFORE, the Temple Defendants respectfully request judgment in their favor and against Plaintiff, together with costs, attorneys' fees, interest and such other relief that the Court deems just and proper.

## COUNT THREE
## MONELL LIABILITY AGAINST TEMPLE UNIVERSITY BOARD OF REGENTS

58.     (incorrectly numbered 52) Incorporate their responses to paragraphs 1-57 as if fully set forth here.

59.     (incorrectly numbered 53) Deny each and every averment contained in paragraph 59, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

60.     (incorrectly numbered 54) Deny each and every averment contained in paragraph 60 and deny the need to respond to the averments to the extent they contain conclusions of law, except admit that Amanda Fish sent Plaintiff an email dated October 14, 2020, which is a writing and speaks for itself.

61.     (incorrectly numbered 55) Deny each and every averment contained in paragraph 61, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law, except admit Amanda Fish sent Plaintiff an email dated October 14, 2020, which is a writing and speaks for itself.

62.     (incorrectly numbered 56) Deny each and every averment contained in paragraph 62, specifically deny all allegations of wrongdoing, violations of internal policies or illegal conduct, and deny the need to respond to the averments to the extent they contain conclusions of law, except admit Amanda Fish sent Plaintiff an email dated October 14, 2020, which is a writing and speaks for itself.

63.     (incorrectly numbered 57) Deny each and every averment contained in paragraph 63, specifically deny their actions have caused any kind of distress to Plaintiff, and deny the need to respond to the averments to the extent they contain conclusions of law.

WHEREFORE, the Temple Defendants respectfully request judgment in their favor and against Plaintiff, together with costs, attorneys' fees, interest and such other relief that the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The allegations of the complaint fail to state a claim that entitles Plaintiff to relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because as a student placed on probation, she has not been aggrieved to the degree that she can claim deprivation of her constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' actions were privileged and undertaken in good faith.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no impermissible factor played any role whatsoever in the actions about which Plaintiff complains.

## FIFITH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages, as a matter of law, due to her failure to properly plead any compensable injury to her caused by the Temple Defendants' conduct.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Temple Defendants provided plaintiff with at least as much or more due process than the Constitution requires for a university disciplinary action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the appropriate remedy for an alleged violation of Plaintiff's due process rights is another hearing, not damages.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any financial damages or loss, or suffered any damage, loss or injury to her employment or academic opportunities, such damage, loss or injury was caused in whole or in part by her own acts or conduct.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damage or loss, such damage or loss was not caused by any wrongful or intentional conduct on the part of any of the Temple Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not violate any duty owed to or right of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by her breach of her obligations as a student of Temple.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver, laches, estoppel and unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Temple Defendants are entitled to sovereign immunity.

### FIFTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Temple Defendants are entitled to qualified immunity

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Temple Defendants are entitled to judicial deference to their decision-making.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her internal remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their affirmative defenses to assert that Plaintiff's claims are barred, in whole or in part, and/or limited by after-acquired evidence should discovery reveal such information.

WHEREFORE, the Temple Defendants respectfully request judgment in their favor and against Plaintiff, together with costs, attorneys' fees, interest and such other relief that the Court deems just and proper.

                                                Respectfully submitted,

Dated: November 4, 2022           /s/ Kay E. Sickles
                                                NEIL J. HAMBURG (32175)
                                                KAY SICKLES (75159)
                                                HAMBURG LAW GROUP, PLLC
                                                1 Franklin Town Blvd, Suite 1106
                                                Philadelphia, PA 19103
                                                (215) 858-2225 / (484) 343-2731
                                                (484) 534-8587 (fax)
                                                hamburgnj@hamburglawgroup.com
                                                sickleske@hamburglawgroup.com

                                                Attorneys for Defendants
                                                Temple University Board of Trustees,
                                                Krystal N. Allen, Amanda J. Fish and
                                                Stephanie Ives-Bartow

**CERTIFICATE OF SERVICE**

I, Kay Sickles, hereby certify that Temple's Answer has been filed electronically and will be available for viewing and downloading from the Court's Electronic Case Filing System and that I served plaintiff of this Answer by email on:

>Rebecca Meisse
>1421 East Columbia Ave., Apt. 202
>Philadelphia, PA 19124
>Becmeisse16@gmail.com

>/s/ Kay Sickles
>KAY SICKLES

Dated: November 4, 2022